CAROLINE OTT *v.* JAMES H. OTT's ADMINISTRATOR
AND CREDITORS.

**Fraudulent Conveyance—Possession of Real Estate—Presumption of Ownership—Title Recorded—Badge of Fraud—Future Debts.**
  A deed acknowledged and lodged for record the day it bears date is constructive notice to the whole world, in whom the legal title is vested; the possession of real estate does not raise a presumption of ownership against the recorded title, nor is it ever a badge of fraud against the legal title as to future debts.

**Same—Present Liabilities—Future Debts.**
  To successfully assail this deed it was essential to show that the conveyance was in actual fraud of his then existing liabilities or else intentionlly so as to future creditors.

**Judgment Reversed—Sale Set Aside.**
  When a judgment has been reversed a sale there under can not be set aside only upon equitable principles, or the defendant may elect to take the purchase price and the sale will be confirmed.

November 21, 1867.

APPEAL FROM LOUISVILLE CHANCERY COURT.

OPINION OF THE COURT BY JUDGE WILLIAMS:

February 9, 1859, James Ott, having purchased from John Kernan a house and lot in Louisville at four hundred dollars, caused it to be conveyed to his sister, the appellant.

The decedent was a sporting character, without family, and his sister a poor girl.

Deceased lived in the house with a woman as his mistress, until he died late in the year of 1861; his personal estate being insufficient to pay his debts, his administrator and his creditors seek to subject this property to sale for the purpose of paying his debts.

But one of the debts, and it amounting to only about $75, existed at the date and recording of this deed, and his personal property was very ample to pay it, even if his means be disregarded, which is shown to have been several thousand dollars just before his death, and amply sufficient had his administrator obtained it to pay all his debts. As it is shown he had this money but a very few days before his death, and it not being shown that he

had lost or otherwise disposed of it, the presumption is he had it at the time of his decease.

As the deed was acknowledged and lodged for record the day it bears date, it was constructive notice to the whole world in whom the legal title was vested; the possession of real estate does not raise a presumption of ownership against the recorded title, nor is it ever a badge of fraud against the legal title as to future debts.

To successfully assail this deed it was essential to show that the appropriation of four hundred dollars as a gift to his sister, which it is shown was the object of the decedent, was fraudulent actually as to his then existing liabilities, or else intentionally so as to future creditors. As he was then abundantly able to pay his only liability of about $75, after making this gift, it was not fraudulent in fact.

The only evidence tending to show a fraudulent intent as to future creditors is the statement of the witness Pugh that decedent told him "that he had purchased the property in the name of his sister Caroline, that as he was a sporting man he wished to secure a house for his wife and family, and that he did not know what might happen."

If this be regarded as entirely competent and relative, which might well be questioned, it having occurred after the conveyance, still it only proves that in view that he might have a wife and family and might *lose* all his other means at sport, he wanted a part fixed so he could not *lose* it, not that he desired to keep it from anticipated bona fide legal creditors, and as debt made at sporting would not be legally binding if such was his intention, as to them this would not be fraudulent.

The facts proven do not establish either actual or presumed fraudulent intention, and therefore it was erroneous to subject said house and lot to sale at the instance of decendent's administrator or creditors.

The property was sold, but we now express no opinion as to the validity of the sale, as that can only be litigated between the purchaser and appellant upon proper proceedings, and then the sale can only be set aside upon equitable principles, but should she be willing to take the proceeds of the property these would be paid over to her by order of the chancellor.

Wherefore, the judgment is reversed, with directions for further proceedings not inconsistent herewith.

*Elliott, for appellant.*

*Hopkins, for appellee.*